1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____ )
GEORGE O. MITCHELL,                    )           No. C05-5114FDB/KLS
                                                        )
                            Plaintiff,          )
            v.                                       )           ORDER
                                                        )
HENRY RICHARDS,                        )
                                                        )
                            Defendant.      )
_____ )

   This matter comes before the Court under Local General Rule 8(c). Plaintiff has filed a pro se "Appeal to Judge of Order Dkt # 10 REQUEST FOR SELF RECUSAL" in the above-captioned matter. Dkt. # 12. The Honorable Karen L. Strombom, United States Magistratet Judge, declined to recuse herself voluntarily and the matter was referred to the Chief Judge for review. Dkt. # 13. Plaintiff's motion is therefore ripe for review by this Court.

   As noted in Judge Strombom's decision, Section 455 of title 28 of the United States Code governs the disqualification of a district judge. It states in relevant part: "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Additionally, 28 U.S.C. § 144, pertaining to judicial bias or prejudice, provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge

ORDER

369f1282c62c8a27

shall proceed no further therein, but another judge shall be assigned to hear such proceeding. The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists.

A judge must recuse himself if a reasonable person would believe that he is unable to be impartial. <u>Yagman v. Republic Insurance</u>, 987 F.2d 622, 626 (9th Cir. 1993). A litigant cannot, however, use the recusal process to remove a judge based on adverse rulings in the pending case: the alleged bias must result from an extrajudicial source. <u>United States v. Studley</u>, 783 F.2d 934, 939 (9th Cir. 1986).[1]

Plaintiff argues that Judge Strombom's request for more information regarding plaintiff's application to proceed *in forma pauperis* was improper, caused undue delay, and reflects bias against him or, possibly, against all Special Commitment Center residents. Having reviewed the record in the above-captioned matter, the Court finds that Judge Strombom's order directing plaintiff to provide, within 30 days, additional information in support of his claim that he cannot pay the $250.00 filing fee was appropriate. Nor does the fact that Judge Strombom has, from time to time, ruled against plaintiff and other pro se litigants from the Special Commitment Center suggest partiality or bias. As is the case here, Judge Strombom's decisions are based on the merits of the underlying requests for relief. When a properly supported *in forma pauperis* application is filed, Judge Strombom will grant the relief requested. <u>See, e.g.</u>, <u>Scott v. Seling</u>, C03-5398RBL/KLS at Dkt. # 5. Where the application contains apparent inconsistencies or is incomplete, however, a request for more information, if not an outright denial, is warranted. Judge Strombom's decision to allow plaintiff thirty days in which to

---

[1] Objections to a judge's decisions are properly raised through an appeal, not a motion to recuse.

ORDER                                                    -2-

supplement his application is in keeping with the general practice of this district and in no way reflects bias or impartiality.

In addition, plaintiff does not identify any extrajudicial source of the alleged prejudice: the only suggestion of bias is the judge's decisions in this case.  In such circumstances, the risk that the litigant is using the recusal motions for strategic purposes is considerable.  See Ex Parte American Steel Barrel Co. and Seaman, 230 U.S. 35, 44 (1913). Because a judge's conduct in the context of judicial proceedings does not constitute the requisite bias under § 144 or § 455 if it is prompted solely by information that the judge received in the context of the performance of her duties as the presiding judicial officer, plaintiff has not met his burden of showing an appearance of bias.

Having reviewed plaintiff's motion and the remainder of the record, the Court finds that Judge Stombom's impartiality cannot reasonably be questioned.  There being no evidence of bias or prejudice, plaintiff's request to remove Judge Strombom from this matter is DENIED.

DATED this 20th day of May, 2005.

*Robert S. Lasnik*
Robert S. Lasnik
Chief Judge, United States District Court

ORDER                                        -3-