UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GEORGE O. MITCHELL,<br><br>    Plaintiff,<br><br>v.<br><br>HENRY RICHARDS,<br><br>    Defendant. | Case No. C05-5114RBL<br><br>REPORT AND RECOMMENDATION TO DENY APPLICATION TO PROCEED *IN FORMA PAUPERIS*<br><br>Noted for August 12, 2005 |

    This case has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Plaintiff is a resident at the Washington State Department of Social and Health Services' ("DSHS") Special Commitment Center ("SCC"). He has filed a civil rights complaint under 42 U.S.C. § 1983 and a motion to proceed *in forma pauperis*.

    To file a complaint and initiate legal proceedings, plaintiff must pay a filing fee of $250.00 or file a proper application to proceed *in forma pauperis*. Because plaintiff has failed to respond to the court's order directing him to respond to the undersigned's second order to show cause regarding the remaining deficiencies in his motion (Dkt. #10), the undersigned recommends the court deny that motion.

## DISCUSSION

    By requesting the court to proceed *in forma pauperis*, plaintiff is asking the government to incur the court filing fee because he is allegedly unable to afford the costs necessary to proceed with his civil rights action. The court may permit indigent litigants to proceed *in forma pauperis* upon completion of a

REPORT AND RECOMMENDATION
Page - 1

proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). However, the court has broad discretion in denying an application to proceed *in forma pauperis*. Weller v. Dickson, 314 F.2d 598 (9th Cir. 1963), *cert. denied*, 375 U.S. 845 (1963).

On February 9, 2005, the Clerk received plaintiff's complaint and motion to proceed *in forma pauperis*. (Dkt. #1). Plaintiff stated in his motion that he had a total of $40.00 in "life savings," and that he earned $282.00 every two weeks working for DSHS. Plaintiff also stated he had credit card and child support totaling $3,000.00, and made $550.00 in payments on that debt every month.

Plaintiff did not state, however, whether he was legally obligated (i.e., by court order) to make any payments on his credit cards. He also did not provide any information on the amount of child support he was legally obligated to provide each month. In addition, the consent form plaintiff attached to his motion was not signed.

On February 16, 2005, the court ordered plaintiff to cure these deficiencies by filing no later than March 18, 2005, the following: (a) a written response explaining whether he was legally obligated to make payments on his credit card and/or child support debts, and, if so, in what amounts and how often he was required to do so; and (b) a signed copy of the written consent form required by Local Rule 3(b)(2). On March 11, 2005, plaintiff filed a signed copy of the written consent. (Dkt. #5).

Instead of also providing the additional financial information he was ordered to provide, on March 14, 2005, plaintiff appealed the undersigned's order to show cause to the Honorable Franklin J. Burgess. (Dkt. #7). District Judge Burgess denied plaintiff's appeal on April 19, 2005. (Dkt. #9). Thus, on April 25, 2005, the undersigned issued a second order to show cause, directing plaintiff to cure the remaining deficiencies in his motion, by filing a written response explaining whether he is legally obligated to make payments on his credit card and/or child support debts, and, if so, in what amounts and how often he is required to do so.

Once again, instead of responding to the second order to show cause, plaintiff filed another appeal to Judge Burgess, along with a request for voluntary recusal of the undersigned. (Dkt. #12). The appeal and request for recusal were both denied. (Dkt. #14 and #15). In denying his appeal, Judge Burgess also ordered plaintiff to respond to the undersigned's second order to show cause by no later than June 30, 2005. (Dkt. #15). Judge Burgess further warned plaintiff that failure to so respond by that date would be

deemed a failure to properly prosecute this matter rendering dismissal appropriate. To date, plaintiff still has not responded to the undersigned's second order to show cause.

## CONCLUSION

Because plaintiff has failed to respond to the undersigned's second order to show cause, the undersigned recommends the court deny his motion to proceed *in forma pauperis*. Accordingly, the undersigned also recommends the court dismiss plaintiff's complaint unless he pays the required $250.00 filing fee **within thirty (30) days** of the court's order.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 72(b), the parties shall have ten (10) days from service of this Report and Recommendation to file written objections thereto. See also Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set this matter for consideration on **August 12, 2005**, as noted in the caption.

Dated this 15th day of July, 2005.

Karen L. Strombom
United States Magistrate Judge